Merrimack, }
Dec. 7, 1909. }

## STAPLES & a. v. DAVIS.

Where a purchaser of merchandise on credit sells it to another, who is willing to pay the debt to the original vendor, and the latter, upon notice of the proposed substitution, merely asks his vendee to collect the money and remit is to him, there is no sufficient evidence of a novation.

ASSUMPSIT, for the price of a carload of coal. Trial by the court. Transferred from the April term, 1909, of the superior court by *Stone*, J.

The coal was sold October 5, 1908, by the plaintiffs to one Rossell, a retail coal-dealer doing business in Penacook. Upon its arrival the defendant, another retail dealer in Penacook, bought it of Rossell, agreeing to pay the freight and to leave it to the plaintiffs to determine the manner in which the coal should be paid for. Some time after this Rossell wrote the plaintiffs, informing them of the arrangement with the defendant. October 16, the plaintiffs sent Rossell a letter in which they said: "We have your letter of October 15th, and note what you have to say in regard to car 22,976. In order to avoid confusion in our books, will you kindly collect this bill from Mr. Davis and remit to us. Please explain the matter to Mr. Davis and show him this letter, so that he will understand." Davis credited Rossell with the amount of the bill on an account for ice which Rossell owed him. Soon afterward

Rossell declared himself insolvent and settled with his creditors for a small percentage. The plaintiffs made no claim against him for the price of the coal, but demanded payment of the defendant. The court ruled that the plaintiffs could not recover and returned a verdict for the defendant, and the plaintiffs excepted.

*Niles & Upton*, for the plaintiffs.

*Martin & Howe* and *Joseph A. Donigan*, for the defendant.

WALKER, J. The plaintiffs claim that there was a novation, in consequence of which the defendant was substituted for Rossell under the contract of sale and became their debtor for the price of the coal. If it is assumed that the defendant, upon the delivery of the coal to him, offered to become solely liable therefor, and that the plaintiffs when they received the offer so understood it, the question remains whether their letter to Rossell amounted to an acceptance of the offer and the discharge of Rossell. In *Woodward* v. *Miles*, 24 N. H. 289, 294, it is said: "The party who alleges such agreement for the discharge of the old debt is bound to prove a distinct agreement to that effect." *Cutting* v. *Whittemore*, 72 N. H. 107.

If the plaintiffs intended by their letter to cancel their demand against Rossell and to look to the defendant alone for their pay, the language they used furnishes little evidence of it. In fact, they declined to charge the account to the defendant on their books. They preferred that the contract with Rossell should remain unaffected by the sale from him to the defendant. Their principal desire was that Rossell should pay them, and for that reason they suggested to him that he collect the money the defendant was owing him and send it to them in satisfaction of their claim against him. This is a more reasonable construction of their language than it is to infer that they discharged Rossell as their debtor and then constituted him their agent to collect the debt of the defendant as a substituted debtor. No reason is suggested why they desired such substitution, or why, if they did, they used language that seems to conceal that purpose. Nor are there any competent facts reported that make such a construction of their letter probable as an expression of their intention. There is no sufficient evidence of a novation.

*Exception overruled : judgment on the verdict.*

All concurred.